UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID JOHN BOETTNER, JR, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Case No. 4:19-cv-00501-BLW <br> Crim. Case No. 4:16-cr-00256-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is pro se Petitioner, David John Boettner, Jr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Civ. Dkt. 2. Having reviewed the petition and being familiar with the record, the Court will deny the petition for the reasons stated below.

## BACKGROUND

Boettner pled guilty to Count One of the Indictment charging him with

failure to register as a sex offender. Crim. Dkt. 17. On March 21, 2018 the Court sentenced Boettner to 30 months imprisonment to run consecutively with his imprisonment under any previous state sentence. *Judgment*, Crim. Dkt. 25. The Court also recommended that Boettner be credited with all time served in federal custody. *Id.*

Boettner alleges he was held in in the Madison County Jail in Rexburg, Idaho on a hold by the U.S. Marshals Service from July 7, 2017 to April 11, 2018. *Petition* at 3, Civ. Dkt. 2. Boettner now seeks credit for his time served during this period.

## ANALYSIS

Preliminarily, the Court notes that the Judgment did not explicitly credit Boettner with time served. Rather, it only recommended to the Bureau of Prisons that he receive credit for time served. This procedure is followed, because "[c]redit for time served is ... a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *U.S. v. Drake*, 49 F.3d 1438, 1440 (9th Cir.1995). "[T]he Attorney General, through the Bureau of Prisons, is charged in the first instance with determining the amount of the defendant's credit for time served." *United States v. Demers*, 992 F.2d 1220 (9th Cir. 1993). Thus, a petitioner must "exhaust his administrative remedies before he can petition for judicial

review of the Attorney General's denial (if any) of credit for time served." *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992). Here, Boettner does not allege any facts showing he attempted to exhaust available administrative remedies through the Bureau of Prisons.

More significantly, this action is filed in the wrong district. A prisoner may argue he is entitled to credit against his sentence for time spent in custody prior to sentencing under 28 U.S.C. § 2241. However, the Supreme Court has held that a writ under § 2241 must issue from the court with jurisdiction over the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973); *Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir. 1980). Thus, a petition under § 2241 must be filed in the district court in the district where defendant is confined. *Brown*, 610 F.2d at 677. According to the Court's records, that is the District of Oregon, not Idaho.

For these reasons, the Court will deny Boettner's Motion. Nothing in this Order precludes Boettner from filing a proper petition under 28 U.S.C. § 2241 in the appropriate district.

# ORDER

**IT IS ORDERED that:**

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Civ. Dkt. 2) is **DENIED** without prejudice.

DATED: February 10, 2020

B. Lynn Winmill
U.S. District Court Judge